FERNANDO SIERRA BERDECÍA, COMMISSIONER OF LABOR, ETC., Plaintiff and Appellee, *v.* L. RODRÍGUEZ & CÍA., Defendant and Appellant.

No. 10095.—Argued November 7, 1950.—Decided January 8, 1951.

*Rafael Cuevas Zequeira, F. M. Susoni, Jr., Marcos A. Ramírez,* and *Eladio Rodríguez Otero,* for appellant. *Ramón Cancio, Joaquín Gallart Mendía,* and *Augusto Palmer,* counsel of the Department of Labor, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Article A-1 of Mandatory Decree No. 8 fixing minimum wages, maximum working hours and labor conditions in the Business of Selling at Retail, approved by the Minimum Wage Board of Puerto Rico and effective since June 5, 1945, defines said business as follows:

"The Business of Selling at Retail comprises, without contemplating any limitation whatsoever, any act, process, operation, work or service, necessary, incidental or related to re-

1

tail sales or direct conveyances to consumers, of any kind of commodities or articles, for money, promises or thing of value, whenever such sales or conveyances originate, are transacted or consummated in any establishment or place wholly or partially dedicated to such purposes, or whenever made outside such establishment or place in its name or for its benefit. The businesses, industries, occupations, or branch thereof which in Decree No. 6 of this Board, applicable to hotels, restaurants, bars, and soda fountains (which Decree shall not be impaired in any manner whatsoever) are subject to regulation or excepted from its scope, shall, however, be excluded."

Claiming that the respondent L. Rodríguez & Cía. had failed to pay to certain of its employees the minimum compensation fixed in said Decree, the Commissioner of Labor of Puerto Rico brought the present claim for wages on behalf and for the benefit of such employees. It was averred in the complaint that said employees rendered services in a retail business operated by the respondent in San Juan under the name of "El Corte Inglés." The day of the hearing the respondent accepted that the employees worked the number of hours and received the wages alleged in the complaint, but it stated that Mandatory Decree No. 8 was not applicable inasmuch as those employees worked in a tailor shop of "El Corte Inglés," which did not form part of its business of selling at retail. The conflict was thus limited.

The lower court granted the complaint and ordered the respondent to pay to the complainants the sum of $1,409.97 as unpaid wages, as well as a like amount as penalty, that is, a total sum of $2,819.94. Feeling aggrieved by the judgment, the respondent appealed and contends herein that the lower court erred in applying Mandatory Decree No. 8 to the activities carried out by the complainants in respondent's tailor shop.

The evidence introduced by the parties showed that the appellant had in San Juan a retail commercial establishment for men under the name of "El Corte Inglés," selling suits, shirts, underwear, etc.; that on the second floor it had a

tailor shop wherein the complainants worked; that in said shop tailor-made suits ordered individually by the customers of the store were manufactured, and moreover, that in said shop the imported suits which were sold in the store were adjusted to fit said customers. It was also proved that uniforms for the members of the Insular Police and for employees of banks and other institutions were made in the tailor shop. It was further proved that suits to be sold in the store were not made in the shop unless expressly ordered by the customers.

In accordance with this evidence the lower court arrived at the following conclusion:

"That respondent's tailor shop, because of the nature of the work it did, as well as because of the character of the business it did with individual customers, constituted, with respondent's store, a single business which dealt exclusively at retail."

The appellant admits that the definition of a business of selling at retail contained in § A-1 of Mandatory Decree No. 8, *supra*, is extremely ample, but it maintains that said definition can not be extended to include the process of manufacturing suits in which the tailor shop, which operated independently from its store, was engaged. Accepting without deciding, that appellant were correct had the evidence shown that the tailor shop was in effect a business separate and independent from the store, the fact is that the evidence proved the contrary. Appellant had only one business: a reail store under the name of "El Corte Inglés," where, in addition to ready-made goods for men, tailor-made suits for those customers who so wished were also sold and which were manufactured in the tailor shop attached to the business, where in addition, all the ready-made suits were adjusted so as to fit the customers. These activities carried out in the tailor shop fall, in our judgment, within the scope of the definition of a retail business when it is stated therein that such definition comprises ". . . any act, process, operation, work or service, necessary, incidental or related to

4

retail sales or direct conveyances to consumers, of any kind of commodities or articles, for money, . . ."

The lower court did not err in deciding thus and, consequently, the judgment appealed from will be affirmed.

Mr. Justice Snyder did not participate in the decision of this case.